IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE ROSARIO GOMEZ GALLARDO,<br><br>Petitioner,<br><br>vs.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, et al.,<br><br>Respondents. | 0:26-CV-720<br><br>ORDER |

The petitioner seeks immediate release from U.S. Immigration and Customs Enforcement custody in the ERO El Paso Camp East Montana in El Paso, Texas. Filing 1.[1] But generally, habeas jurisdiction lies in the district of confinement. *E.g., Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). *See* filing 1.

The petitioner asserts that exceptions to the so-called district of confinement rule apply in this case. Filing 1 at 14-16. The exceptions asserted have been applied where a petition is filed when the petitioner's location is unknown at the time of filing. *E.g., Ozturk v. Trump*, 777 F. Supp. 3d 26, 31 (D. Mass. 2025); *Suri v. Trump*, 785 F. Supp. 3d 128, 136 (E.D. Va. 2025); *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at *1 (D. Minn. Jan. 22, 2026).

---

[1] The petition inconstantly refers to El Paso, Texas and Chapparal, New Mexico, filing 1 at 2-4, but both the ICE Online Detainee Locator and the government's brief indicate that Texas is correct. *See* filing 4 at 1 n.1; filing 6 at 2.

This petition, however, indicates that counsel knew the petitioner had been transferred to Texas at the time of filing. *See* filing 1 at 4. The circumstances under which the government relocated him are not a basis for this Court to exercise jurisdiction. *See Padilla*, 542 U.S. at 454 ("There is no indication that the Government refused to tell [petitioner's] lawyer where he had been taken. The original petition demonstrates that the lawyer knew where [petitioner] was being held at that time . . . . In these circumstances, the basic rules apply"). Instead, the appropriate action is to transfer this case to the Western District of Texas for prompt resolution. Accordingly,

IT IS ORDERED that the Clerk of the Court <u>immediately</u> effect transfer of this case to the United States District Court for the Western District of Texas.

Dated this 30th day of January, 2026.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge