IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE ROSARIO GOMEZ GALLARDO,<br><br>        Petitioner,<br><br>vs.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, et al.,<br><br>        Respondents. | 0:26-CV-720<br><br>ORDER |

Three days ago, the Court entered an order directing the Clerk of the Court to immediately[1] transfer this case to the Western District of Texas, based on the petitioner's admission that he was being detained at the ERO El Paso Camp East Montana in El Paso, Texas, when the petitioner was filed. Filing 7

---

[1] The Court is aware of the Eighth Circuit's instruction that in transfer cases, the better procedure is to hold up the transfer for a reasonable time pending a possible petition for reconsideration or review. *In re Nine Mile Ltd.*, 673 F.2d 242, 243 (8th Cir. 1982). That is a prudent rule. The Court nonetheless ordered the clerk to transfer the file immediately in this case, based on a countervailing prudential consideration—when the court believes (as is the case here) that a petitioner is being detained unlawfully and is likely to be released, *and* (as is the case here) that the transfer is clearly correct, then delaying the transfer also means delaying release. The habeas statute commands proceeding with alacrity, *see* 28 U.S.C. § 2243, and it would make little sense when a statute commands a three-day response time to extend that period by holding the case pending an unlikely review. The unusual circumstances of this case do not persuade the Court that in the mine run of habeas cases, immediate transfer where the petitioner is indisputably in another state at the time of filing isn't still the best course of action.

at 1 (citing *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Indeed, the government expressly asked the Court to transfer the case. Filing 6 at 1.

A lot can change in three days. Evidently, the petitioner has been moved *back* to Minnesota. *See* filing 10-1. Based on that fact, the petitioner has asked the Court to reconsider its transfer of the case. Filing 10.

But the Court has no authority to claw back a case that's already been transferred. It's well-established that a transferor court loses jurisdiction over a case once transfer has occurred. *See In re Flight Transp. Corp. Sec. Litig.*, 764 F.2d 515, 516 (8th Cir. 1985); *see also Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953, 957 (8th Cir. 2005); *Midwest Motor Exp., Inc. v. Cent. States Se.*, 70 F.3d 1014, 1016 (8th Cir. 1995); *Nine Mile*, 673 F.2d at 243. The receipt of the file in the transferee court is the event that signals the end of jurisdiction in the transferor court. *Integrated Health*, 417 F.3d at 957; *Midwest Motor*, 70 F.3d at 1016; *see also Def. Distributed v. Platkin*, 55 F.4th 486, 492 (5th Cir. 2022). And in this case, the file has been received in the Western District of Texas. *See* filing 9.

The Court has considered whether it should direct the Clerk of the Court to ask for the case file back, as contemplated by the Eighth Circuit in *Nine Mile*, 673 F.2d at 244 n.5, and the Fifth Circuit in *Platkin*, 55 F.4th at 496. But the Court isn't convinced it has a basis to do so—after all, this case *wasn't* improperly transferred. The Western District of Texas was plainly the only proper forum when the case was transferred, *see Padilla*, 542 U.S. at 446, and remains a proper forum despite the subsequent transfer, *see Ex parte Endo*, 323 U.S. 283, 305-06 (1944). The Court didn't err in transferring the case, and the petitioner doesn't argue that it did. This case can only return to Minnesota if a judge in the Western District of Texas gives it back.

That doesn't leave the petitioner without options. Of course, he could litigate his claim in the Western District of Texas. He could also promptly move the Western District of Texas to transfer the case back. Or, he could ask the Western District of Texas to dismiss his petition there without prejudice, and file a new petition in Minnesota.[2]

Finally, a word about the government's conduct. The Court has been routinely transferring cases where the petitioner was out-of-state when the petition was filed, based on clearly articulated Supreme Court precedent. *See Padilla*, 542 U.S. at 446. But if the government is going to frustrate judicial review by moving detainees around the country repeatedly, then different rules apply. *See Padilla,* 542 U.S. at 454 (Kennedy, J., concurring). And if the government's lawyers are going to request relief from the Court premised on factual contentions without evidentiary support, then other considerations apply. *See* Fed. R. Civ. P. 11(b)(3).

The Court will, in future cases, require a request for transfer to be supported by verified evidence of the petitioner's location at the time of the request. In this case, the Court will require the government to account for the representations made in its response to the petitioner. *See* filing 6.

IT IS ORDERED:

1. The petitioner's motion to reconsider (filing 10) is denied.

---

[2] Should the case be transferred back to Minnesota, or a new case opened in Minnesota, the petitioner's counsel should inform chambers so that the case can be properly assigned pursuant to this Court's rules for the assignment of related civil cases.

2.  On or before **February 6, 2026**, the government shall file a statement or other evidence, verified as provided in 28 U.S.C. § 1746, detailing the dates and times of the petitioner's transportation since his detention, and explaining the reasons for such transportation.

Dated this 2nd day of February, 2026.

BY THE COURT:

*[signature]*

John M. Gerrard
Senior United States District Judge
